IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEXAS A&M UNIVERSITY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. _____ ) |
| INDIANAPOLIS COLTS, INC. | ) ) |
| Defendant. | ) ) ) ) ) |

**PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND TRADEMARK DILUTION**

Plaintiff TEXAS A&M UNIVERSITY ("*Texas A&M*"), by and through its undersigned attorneys, files this Complaint against Defendant INDIANAPOLIS COLTS, INC ("ICI"), and alleges as follows:

**I. THE PARTIES**

1.   Plaintiff Texas A&M is a Texas state university with a principal business address of 301 Tarrow Street, 6th Floor, College Station, Texas 77840.

2.   On information and belief, Defendant ICI is a Delaware corporation with its principal place of business at 7001 West 56th Street, Indianapolis, Indiana 46254.

**II. NATURE OF THE ACTION; JURISDICTION OF THE COURT; AND VENUE**

3.   This is an action for trademark infringement, unfair competition, and false designation of origin under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. This also an action for unfair competition and trademark dilution under Texas state law.

1

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case and controversy. The Court also has jurisdiction over this matter pursuant to 28 U.S.C. §1332. There is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because ICI has Constitutionally sufficient contacts with this forum and has committed and continues to commit the complained of acts of trademark infringement in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

### III. FACTUAL ALLEGATIONS SUPPORTING ALL CLAIMS OF RELIEF

**A. Texas A&M University, its Business and its Marks**

7. Since as early as 1922, Texas A&M has used the mark 12TH MAN (hereinafter, the "*12TH MAN Mark*") in connection with sporting events and numerous products and services. The 12TH MAN Mark was initially adopted in 1922 as a remembrance of a student at Texas A&M, E. King Gill, and his spirit of readiness to serve Texas A&M's football team in time of need. The legend of E. King Gill grew, and the 12TH MAN Mark now identifies and distinguishes Texas A&M in connection with all of its athletic entertainment services and events, education-related services, and a wide variety of merchandise products for which Texas A&M and its licensees use the 12TH MAN Mark.

8. Texas A&M has expended considerable effort and resources in offering a wide range of quality products and services under the 12TH MAN Mark. As a result, the Mark has become strongly identified by the public with Texas A&M, and Texas A&M enjoys substantial

goodwill and fame in the 12TH MAN Mark. This goodwill and fame is especially strong in the Houston area and in Texas.

9. Consistent with the widespread goodwill enjoyed by Texas A&M in the 12TH MAN Mark, Texas A&M granted a license to Football Northwest, LLC in 2006 for the Seattle Seahawks professional football team to use the 12TH MAN Mark. The use by the Seattle Seahawks organization of the 12TH MAN Mark is therefore pursuant to license and authorization from Texas A&M, and inures to the benefit of Texas A&M.

10. Consistent with its extensive use of and common law rights in the 12TH MAN Mark, Texas A&M is the owner of U.S. Trademark Registration Nos. 1,612,053; 1,948,306; and 3,354,769. Registration No. 1,948,306 expressly covers "entertainment services, namely organizing and conducting intercollegiate sporting events" and Registration No. 3,354,769 more broadly covers "entertainment services, namely conducting, organizing and promoting sporting events featuring football, soccer, baseball, softball, basketball, swimming, diving, equestrian, and tennis." Finally, Registration No. 1,612,053 covers various goods and services listed in multiple classes under the classification system used by the United States Patent and Trademark Office, specifically "bumper stickers; post cards and note cards; towels; hats; t-shirts; polo-type shirts; golf shirts; sweaters; shorts; athletic uniforms; and, college scholarship services." The registrations have obtained incontestable status, which means that the registrations are conclusive evidence of Texas A&M's exclusive right to use the 12TH MAN Mark in connection with such products and services.

11. Copies of the above 12TH MAN registrations are attached hereto as **Exhibit A**.

**B.      Defendants' Unauthorized Use of The Texas A&M 12TH MAN Mark**

12.   On information and belief, Defendant ICI used the 12TH MAN mark inside of its stadium in approximately 2006 in connection with its offering and marketing of professional football entertainment services.

13.   On November 7, 2006, Plaintiff Texas A&M sent a cease and desist letter to Defendant ICI informing it of Texas A&M's rights in the 12TH MAN Mark and requesting that it cease and desist from any planned or actual use of the 12TH MAN Mark.   In follow-up correspondence and conversations between Texas A&M's outside counsel and ICI representatives, ICI assured Texas A&M that ICI wanted an amicable resolution of the matter and that ICI would not use the 12TH MAN Mark on any goods or services covered by the Texas A&M registrations and that no use by ICI of the 12TH MAN Mark would extend beyond the Indianapolis stadium.

14.   Texas A&M followed up with correspondence and a proposed agreement on September 12, 2008.   ICI failed to respond to the 2008 letter.  However, it appeared that use of the 12TH MAN mark by ICI had either ceased or was a *de minimus* use within the Indianapolis stadium.

15.   In 2012, Texas A&M was made aware of an apparent new use of the 12TH MAN Mark by ICI.  Texas A&M again sent cease & desist letters to ICI dated October 30, 2012 and November 27, 2012 reiterating and reasserting its rights in the 12TH MAN Mark and requesting that ICI cease and desist from further unauthorized use of the 12TH MAN Mark.   Texas A&M did not receive a response to either letter from ICI.

4

16. On July 1, 2015, ICI sent a solicitation to purchase ICI single-game football tickets under the tag line "JOIN THE 12TH MAN" to an email address that is owned by an individual in College Station, Texas:



17. ICI also uses the mark 12TH MAN to advertise and promote merchandise through its official website, www.colts.com, and through its authorized licensees, and such "12TH MAN" products are marketed and sold throughout the United States, including in this judicial district. Such promotional activities include the following:

5





18. Defendant's unauthorized use of the mark 12TH MAN in connection with its professional football entertainment services and its various products is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers as to an affiliation, approval, license, endorsement, sponsorship, or other connection with Texas A&M, when none exists.

19. Defendant's unauthorized use of the mark 12TH MAN in connection with its football entertainment services and related products is likely to dilute and/or tarnish the distinctiveness and fame enjoyed by Texas A&M in the 12TH MAN Mark, especially in the Houston area and elsewhere in Texas.

20. While Defendant's prior knowledge of Plaintiff's mark and rights is not necessary for Plaintiff to prevail, on information and belief, Defendant was aware of Plaintiff's use of and rights to the 12TH MAN Mark (a) prior to Defendant's unauthorized use of the mark 12TH MAN in connection with its football entertainment services and related products and its marketing and advertising efforts, and (b) especially before any use by ICI of the mark 12TH MAN outside of its stadium.  Upon information and belief, Defendant intentionally and willfully utilized its mark, which is indistinguishable from the Plaintiff's 12TH MAN Mark used in connection with Texas A&M's offering of athletic entertainment and educational services and related products and marketing efforts, in order to capitalize upon and usurp the goodwill associated with Texas A&M's mark.  Defendant's actions are therefore willful and constitute intentional infringement.

21. Defendant's use of 12TH MAN in connection with its offering of football entertainment services and related products is without Texas A&M's consent or permission.

22. On information and belief, and based upon its past performance and correspondence, Defendant intends to continue its unauthorized activities unless required to cease such activities by this Court.

## IV.  IRREPARABLE INJURY TO PLAINTIFFS

23. Defendant's unauthorized use of the mark 12TH MAN in connection with its offering of football entertainment services and related products allows Defendant to unfairly receive and enjoy the benefits of goodwill, acceptance, and recognition that Plaintiff has acquired over an extended period in connection with its 12TH MAN Mark at great labor and expense.  It further allows Defendant to unfairly gain acceptance for its football entertainment services and related products based not upon Defendant's own merits, but instead based on the reputation and goodwill that Plaintiff has achieved, and that are associated with its protected mark.

24. Defendant's unauthorized use of the mark 12TH MAN in connection with the offering of football entertainment services and related products, constitutes an invasion of the valuable property rights of Texas A&M in its 12TH MAN Mark and the attendant goodwill in a manner that unjustly enriches Defendant.

25. Defendant's unauthorized use of the mark 12TH MAN in connection with the offering of football entertainment services and related products effectively places the valuable reputation and goodwill of Texas A&M in the hands of Defendant, over whom Texas A&M has absolutely no control.

26. Defendant's unauthorized use of the mark 12TH MAN in connection with the offering of football entertainment services and related products has caused, and continues to

8

cause, injury to Texas A&M's business reputation and property interests in the 12TH MAN Mark.

27.     Because of the value imbued by Texas A&M in its 12TH MAN Mark, including its future value, Plaintiff has no adequate financial remedy. Unless Defendant's unauthorized acts are enjoined by this Court, they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## V.  COUNT 1

### Trademark Infringement Under 15 U.S.C. §1114 *et seq*.

28.     Texas A&M re-alleges paragraphs 1-27 hereof as if fully set forth herein.

29.     Defendant's unauthorized acts constitute trademark infringement in violation of 15 U.S.C. §1114(1).

30.     Defendant's unauthorized acts make the present case an exceptional case entitling Plaintiff to an award of its reasonable attorney fees.

## VI.  COUNT 2

### Unfair Competition, False Designation and Infringement Under 15 U.S.C. §1125(a)

31.     Texas A&M re-alleges paragraphs 1-27 hereof as if fully set forth herein.

32.     Defendant's unauthorized acts constitute unfair competition in violation of 15 U.S.C. §1125(a).

33.     On information and belief, Defendant has acted in bad faith with full knowledge and conscious disregard of Plaintiff's rights in the 12TH MAN Mark, and with a willful and

deliberate intent to trade on Plaintiff's goodwill. In view of the willful nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

## VII. COUNT 3

### Texas Trademark Dilution

34. Texas A&M re-alleges paragraphs 1-27 hereof as if fully set forth herein.

35. Defendant's unauthorized acts constitute trademark dilution in violation of Texas Business & Commerce Code §16.103.

## VIII. COUNT 4

### Common Law Unfair Competition

36. Texas A&M re-alleges paragraphs 1-27 hereof as if fully set forth herein.

37. Defendant's unauthorized acts constitute unfair competition under the Texas common law.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that:

(a) Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, related companies, and all those acting in concert with any of them, be preliminarily and permanently enjoined and restrained from using in connection with the manufacture, sale, promotion, advertising, or offering of football entertainment services or related products, any name or mark including the mark 12TH MAN, or any other name, mark, or device confusingly similar to Texas A&M's 12TH MAN Mark;

(b) Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, related companies, and all those acting in concert with any of them, be required to deliver to the Court for destruction, or to show proof of destruction of, any and all products, displays, signs, circulars, promotional materials, advertisements and any other materials that bear or depict the mark 12TH MAN, or any name, mark, or device confusingly similar thereto and/or any branded merchandise, as well as all plates, molds, casts, and other means of reproducing, counterfeiting, copying or otherwise imitating Texas A&M's referenced marks or any name or mark confusingly similar thereto.

(c) Defendant be ordered to file with this Court and to serve upon Texas A&M, within thirty (30) days after the entry of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d) Pursuant to 15 U.S.C. §1117(a), Texas A&M recover its reasonable attorney fees, trial and appellate; and

(e) the Court award Texas A&M recovery of its costs incurred in this action and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

November 12, 2015

*/s/ Steven A. Fleckman*

JOHN C. CAIN
(Attorney In Charge)
Texas State Bar No. 00783778
Southern District of Texas ID No. 15620
Cain@Fleckman.com
FLECKMAN & McGLYNN, PLLC
8945 Long Point Road, Suite 120
Houston, TX 77055
Telephone: (713) 722-0120
Facsimile: (713) 722-0122

WILLIAM D. RAMAN
Texas State Bar No. 16492700
Southern District of Texas ID No. 4117
Raman@Fleckman.com

STEVEN A. FLECKMAN
Texas State Bar No. 07118300
Southern District of Texas ID No. 550541
Fleckman@Fleckman.com
FLECKMAN & McGLYNN, PLLC
515 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 476-7900
Facsimile: (512) 476-7644

Counsel for Plaintiff TEXAS A&M UNIVERSITY